FILED _____ENTERED
LODGED _____RECEIVED

FEB 1 1 2000   MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

FILED
LODGED _____ ENTERED
_____RECEIVED

FEB 16 2000

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MARK LUERS, and ELIZABETH MILTKO, | **C00-0209 L** |
| Plaintiffs | No. |
| vs. | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| CITY OF SEATTLE, PAUL SCHELL, NORM STAMPER, JOHN DOE #1, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, JOHN DOE #6, JOHN DOE #7, JANE DOE #1, JANE DOE #2, and JANE DOE #3, | |
| Defendants | |

**COMES NOW** the plaintiffs, **MARK LUERS**, and **ELIZABETH MILTKO**, on their own behalf and on behalf of the class they seek to represent bring this action for illegal practices of the defendants **CITY OF SEATTLE, PAUL SCHELL, NORM STAMPER, JOHN DOE #1, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, JOHN DOE #6, JOHN DOE #7, JANE DOE #1, JANE DOE #2, and JANE DOE #3**, who have violated 42 U.S.C. §1983 (Civil Rights Act of 1871) relating to the plaintiffs' exercise of their rights under the Constitution of the United States. This is brought through their undersigned attorneys, Paul H. King and Peter Cogan, and the plaintiffs allege as follows:

**CLASS ACTION COMPLAINT FOR DAMAGES - PAGE 1**

**ORIGINAL**

LAW OFFICES OF PAUL H. KING
318 6TH AVE. S. #117
SEATTLE, WASH. 98104
206-624-3685

Software © 1996 by "Zamboni" John Scannell

1
2
3
4

## I. PARTIES, JURISDICTION, VENUE

5
6

1. This action is brought under 42 U.S.C. §1983 (Civil Rights Act of 1871) relating to the plaintiffs' exercise of their rights under the Constitution of the United States.

7
8

2. Plaintiff Mark Luers is and at all times relevant hereto was a resident of Seattle, King County, Washington.

9
10

3. Elizabeth Miltko is and at all times relevant hereto was a resident of Seattle, King County, Washington.

11

4. The acts complained of herein occurred in Seattle King County, Washington.

12
13
14

5. The Defendant City of Seattle is a political subdivision of the State of Washington and is the employer of Paul Schell, Norm Stamper and the ten unknown Seattle Police Officers (John Doe No. 1 through John Doe #7 and Jane Doe No. 1 through 3)

15
16
17
18
19
20
21
22

6. At all times pertinent to this complaint, the Defendant Paul Schell was the Mayor of the City of Seattle, the Defendant Norm Stamper was the Chief of Police, the defendants John Doe #1 through #7, and defendants Jane Doe #1 through 3 were employees of the City of Seattle acting as police officers and jail guards. In doing the acts and things hereinafter set forth, said Defendants were acting, in their respective capacities as stated, under color of an Ordinance of the City of Seattle, State of Washington, namely, SMC 10.02, and a statute of Washington, namely RCW 38.52 as well as other statutes and ordinances of Washington and Seattle respectively.

23
24

7. Jurisdiction is conferred on the court by virtue of 29 U.S.C §1331, §1334, §1343. Venue in this district is appropriate because the pertinent events took place here.

25

## II. FACTS

26
27
28

8. On November 30, 1999, as part of a plan to silence the free speech activities of the plaintiffs and others in the class, defendants Paul Schell, Norm Stamper, and members of the Seattle Police Department, including John Doe #1 through John Doe #7 as well

**CLASS ACTION COMPLAINT FOR
DAMAGES - PAGE 2**
Software © 1996 by "Zamboni" John Scannell

LAW OFFICES OF PAUL H. KING
318 6TH AVE. S #117
SEATTLE, WASH., 98104
206-624-3685

as Jane Doe #1 through Jane Doe #3 decided to unnecessarily mace, tear gas, club, and shoot [rubber] bullets at unarmed and non-violent demonstrators, and to arrest non violent demonstrators in order to prevent them from demonstrating and to deter others from demonstrating against the policies of the World Trade Organization and against the actions of the police and city in stifling the right to free speech and assembly. This plan included illegally closing off over 50 blocks in downtown Seattle to demonstrations, banning the use of gas masks, imposing a general curfew over a much larger section of downtown Seattle, and to arrest persons for otherwise disobeying orders issued by the Mayor. Although the purpose of the plan was publicized as an attempt to stop violent protests, in reality the plan served as a pretext for the defendants and others to punish the demonstrators for embarrassing the mayor and other high public officials, to stifle dissent, and to end the lawful attempts of the plaintiffs and others in the class to bring attention to the wrongful political and economic activities of the World Trade Organization hereinafter referred to as the WTO.

9. On December 1, 1999, Plaintiff Elizabeth Miltko was non violently demonstrating against the policies of the WTO and the actions of the police and city in stifling the right to free speech and assembly. She was marching with a group of about 150 demonstrators who had assembled at Denny Park in Seattle, and were marching west from the park on Denny at approximately 7 a.m. when they were stopped by two columns of police officers who blocked Denny Ave. at Fourth Avenue preventing the demonstrators from proceeding any further with their march. The officers then yelled "back" and began charging forward at the demonstrators causing Ms. Miltko to be knocked to the ground. The officers began beating persons in front of Ms. Miltko and then began arresting the demonstrators en masse. The demonstration she was participating in was non-violent and protected by the First and Fourteenth Amendments to the U.S. Constitution.

10. For participating in this entirely legal and non-violent demonstration Plaintiff Miltko was summarily arrested, jailed, stripped of her clothing, and forced to

**CLASS ACTION COMPLAINT FOR DAMAGES - PAGE 3**
Software © 1996 by "Zamboni" John Scannell

LAW OFFICES OF PAUL H. KING
318 6TH AVE. S. #117
SEATTLE, WASH., 98104
206-624-3685

lay naked in a jail cell for over two hours with an air conditioner turned on so that she would be embarrassed, humiliated, and not provided with adequate heat or clothing.  She was also deprived of food for a period exceeding 24 hours. John Doe #1 and John Doe #2 as well as Jane Doe #1, Jane Doe #2, and Jane Doe #3 participated in the illegal arrest and jailing activities.

11. At approximately 2:30 p.m. of December 1, 1999, demonstrators were participating in a non-violent and peaceful demonstration that was headed South on Third Avenue near Pike Street. This area of the protest march was outside the so-called "no protest" zone defined by the Mayor's illegal and unconstitutional "emergency" order and was designed to avoid the zone. Without provocation or legal reason John Doe #3, who had left the "no protest zone with officers John Doe #4, 5, and 6, began teargassing the demonstrators in order to stop the demonstration. The officers intended to halt the demonstration by confronting the demonstrators and shoot tear gas, pepper spray, mace, and rubber bullets at them.  The resulting tear gas caused a panic and a stampede among the demonstrators, who ran from the area in order to escape the tear gas.  The resulting chaos served as a pretext for the police officers to further their attack on the demonstrators by shooting more tear gas and rubber bullets at the demonstrators.

12. Shortly thereafter, plaintiff Mark Luers, while acting as a journalist and also while demonstrating his opposition to the WTO at second and Pike, came across another demonstrator who was overcome by tear gas fumes.  While attempting to aid the demonstrator by providing her with wet towels for her eyes, plaintiff Luers was summarily and without warning, maced in the face by John Doe #6 and the defendant City of Seattle to prevent him from reporting the attacks by the police and otherwise demonstrating opposition to the activities of the WTO.  Plaintiff Luers also had his first amendment rights abridged by being tear gassed by the police in the area.

**CLASS ACTION COMPLAINT FOR DAMAGES - PAGE 4**
Software © 1996 by "Zamboni" John Scannell

LAW OFFICES OF PAUL H. KING
318 6TH AVE. S. #117
SEATTLE, WASH., 98104
206-624-3685

13. John Doe #7 and others to be named later, acted in concert with the other named defendants to prevent other members of the class from exercising their first amendment right to demonstrate opposition to the activities of the WTO.  They prevented the first amendment activities by shooting rubber bullets, macing, tear gassing, pepper spraying, beating, arresting, torturing, using other chemical agents, humiliating, degrading, strip searching, and otherwise terrorizing the demonstrators and intimidating others from demonstrating.

14. The actions of the Mayor, Chief of Police, the ten City employees and others are part of an official policy, custom and practice of the City of Seattle.

15. Said actions violated plaintiffs rights under the First, Fourth and Fourteenth Amendment to the United States Constitution and were in violation of 42 U.S.C. §1983.

16. As a proximate result of the wrongful acts of the defendants the plaintiffs suffered damages including  extreme emotional distress.

17. Based upon the facts set forth heretofore, punitive damages should be awarded to the plaintiffs and to the members of the class as defined herein in order to specifically punish the Defendants herein and in order to generally deter other public officials and employees in like circumstances from engaging in similar conduct.

18. The Defendants actions set forth herein constitute an egregious, willful and malicious violation of section of 42 USC §1983.  As a result of violating 42 USC §1983 the defendants are liable to the plaintiffs and to the members of the class defined herein for their respective actual damages, statutory dames, costs and attorney fees.

## VI. CLASS ACTION ALLEGATIONS

19.  Plaintiffs reallege paragraphs 1 through 21 herein.

20.  This class action is brought on behalf of all persons who have been harmed by the unlawful actions of the defendants, as above described, on December 1, 1999.

**CLASS ACTION COMPLAINT FOR DAMAGES - PAGE 5**
Software © 1996 by "Zamboni" John Scannell

LAW OFFICES OF PAUL H. KING
318 6TH AVE. S. #117
SEATTLE, WASH., 98104
206-624-3685

21. Prerequisites for Class Action. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of themselves and also as a representative party on behalf of all members of the class described in the above paragraph. This is an appropriate class action under FRCP 23(a) and plaintiffs are proper representatives of the class because:

22. The class is so numerous that joinder of all members is impracticable. Upon information and belief, the number of constituent class members exceeds 1000 members. Attempting to join and name in excess of 1000 persons as co-plaintiffs would be unreasonable and would be impracticable as that term is contemplated by FRCP 23(a). The requirement of numerosity under FRCP 23(a)(1) is therefore satisfied.

23. There are questions of law and fact common to the class. The defendants used similar methods to stifle dissent of a large number of demonstrators.

24. The claims of the representative parties is typical of the claims of the class as a whole. This creates similar or identical claims on behalf of all members of the class. This satisfies FRCP 23 (a)(3) regarding typicality of claims.

25. The representative parties will fairly and adequately protect the interests of the class. Petitioner will conduct a vigorous prosecution of this action and is further in a position to represent the claims.

26. Class Action Maintainable. This action is maintainable as a class action under FRCP 23(b) because:

27. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the City of Seattle and which would also create a risk of adjudication with respect to individual members of the class which would, as a practical matter be dispositive of the interests of other persons who are not parties to the adjudication or substantially impair or impede their ability to protect their interests , in satisfaction of FRCP 23(b)(1).

**CLASS ACTION COMPLAINT FOR DAMAGES - PAGE 6**
Software © 1996 by "Zamboni" John Scannell

LAW OFFICES OF PAUL H. KING
318 6TH AVE. S. #117
SEATTLE, WASH., 98104
206-624-3685

28. The questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that;

29. There is no special interest in members of the class in individually controlling the prosecution of separate actions;

30. Plaintiffs are not involved in and or do not know of any other proper litigation concerning this controversy which has been commenced by members of the class, in whole or in part.

31. It is highly desirable and efficient to have this litigation determined by class action within this forum. The majority of class members, upon information and belief, work, worked, resided and/or reside in King County. It is eminently preferable to seek redress of these common claims under one action rather than through multiple claims involving impractical management and an overburdening of the courts. These concerns satisfy FRCP 23(b)(3)

32. As a result of the actions of the defendant(s) as above alleged, the plaintiffs have been damaged in an amount to be proven at trial.

## CLASS CLAIMS FOR RELIEF

### A. CAUSE OF ACTION BASED UPON 42 USC 1983.

33. Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 32 herein.

34. The defendants violated the rights of plaintiffs and other members of the class under the First, Fourth and Fourteenth Amendments to the United States Constitution and were in violation of 42 U.S.C. §1983. Defendants violations include, but are not limited to the following:

    (a) Falsely arresting demonstrators to prevent them from demonstrating against the WTO.

    (b) Shooting rubber bullets, macing, tear gassing, pepper spraying, beating, torturing, using other chemical agents, humiliating, degrading, strip searching, and otherwise terrorizing the demonstrators and intimidating others from demonstrating.

**CLASS ACTION COMPLAINT FOR DAMAGES - PAGE 7**
Software © 1996 by "Zamboni" John Scannell

LAW OFFICES OF PAUL H. KING
318 6TH AVE. S. #117
SEATTLE, WASH., 98104
206-624-3685

35. As a result of the violations of 42 USC §1983, as set forth herein, the defendants are liable to the plaintiff and to members of the class defined herein for their actual damages, statutory damages, costs and attorney fees.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the class for:

(A) Certification of the class pursuant to the applicable rules set forth in the Federal Rules of Civil Procedure.

(B) Order defendants to pay to plaintiffs compensatory damages in an amount to be proven at trial.

(C) Order defendants to pay to plaintiffs punitive damages.

(D) Order defendants to pay plaintiffs' reasonable attorney fees, and costs.

(E) Order such other and further relief as may be just and proper.

**DATED** this 8th day of February, 2000,

Peter Cogan, WSBA #14010

Paul King, WSBA #7370

**CLASS ACTION COMPLAINT FOR DAMAGES - PAGE 8**
Software © 1996 by "Zamboni" John Scannell

LAW OFFICES OF PAUL H. KING
318 6TH AVE. S. #117
SEATTLE, WASH., 98104
206-624-3685